# Table of Contents

I.  Introduction ..................................................................... 1

II.  The Parties.................................................................... 2

III.  Background – The SORA, the Rule of Finality, and Right to Confrontation ................................................................. 3

IV.  Argument...................................................................... 6

  A.  Standard for granting preliminary injunction................................ 6

    1.  Plaintiff has a strong likelihood of success on the merits ........ 7

    2.  Plaintiff will be irreparably harmed if a temporary restraining order and preliminary injunction is not issued ......... 8

    3.  Third parties will not be harmed by the relief sought ........... 10

    4.  Granting temporary and preliminary relief is in the public interest................................................................. 11

Conclusion ......................................................................... 12

## I.   Introduction

The Michigan Court of Appeals 1/22/2019 Opinion and Order (Exhibit 7) which mandated that the 2016 SORA Felony Information filed against Plaintiff must be quashed, found that Defendant failed to properly notify Plaintiff of the elements of the SORA criminal accusation against him.   But regrettably, in response to Plaintiff's challenge to the admissibility of the government's *evidence-in-chief*, which was obtained in violation of Plaintiff's fundamental right to the effective assistance of counsel secured by the Sixth Amendment, the state court found that:

> "Because [the order to register as a sex offender] is not on direct appeal, the circuit court properly declined to allow defendant to collaterally attack his prior judgment of sentence."

Thus, there is no state-court remedy to the legislature's omission from SORA of a necessary *pre-deprivation-of-rights* remedy during SORA criminal proceedings; where the government's demonstrably inadmissible *evidence-in-chief*, consists of an otherwise discharged undisturbed final order which sets forth the requirement to register within its four corners.

Plaintiff believes, and therefore avers, that SORA's criminal procedure is thus prejudicial as applied to individuals, such as him, who are criminally prosecuted under SORA with evidence obtained by means of an involuntary guilty plea.   This invalid plea, and the resulting order to register, will be shown to stand on the

ineffective assistance of counsel.  SORA does not provide for an exception to the finality of judgments rule. But such an exception is necessary to prevent entry into the record of unconstitutionally prejudicial evidence, because the government regularly offers such evidence to establish the indispensable criminal element of *"a requirement to register."*

Plaintiff has discovered under fire that the omission of such an exception to the finality rule prejudices the defense at new SORA criminal trials where, as here, the government's *evidence-in-chief* is demonstrably tainted by an involuntary guilty plea that is based on prejudicial ineffective assistance of counsel; and where new penalties are thus sought on the false, but irrebuttable presumption that all undisturbed final orders to register under SORA are sufficiently narrow, so as to constitute valid evidence which stands on the effective assistance of trial and appellate counsel.

. Plaintiff seeks temporary and preliminary relief.

## II.    The Parties

Plaintiff resides in Manistee County, Michigan.

Defendant, COL. JOSEPH GASPER, is the director of the department of state police, responsible for promulgation and application of the policies and practices of the department of state police regarding SORA, and conducts business at: 7150 Harris Drive, Dimondale, in Ingham County, Michigan.  Since 2020 he has been

2

enjoined from enforcing SORA by Order of ED Mich. He is acting under color of law at all times relevant herein and is sued in his official capacity.

### III. Background – The SORA, the Rule of Finality, and Right to Confrontation

The certified record of the underlying 2001 criminal proceedings (Exhibits 1 to 6), which resulted in the undisturbed final order to register under SORA, provides no specific factual accusation or evidence to connect the requisite elements of an accusation under MCL § 750.520c, to either the CSC-2 statute, or any alleged act by Plaintiff. The record further demonstrates that neither Plaintiff, the prosecution, defense counsel, or even the judge, knew that sufficient constitutional notice to Plaintiff of a felony charge under MCL § 750.520c required an accusation of a "touching" of the victim's or actor's genital area, groin, inner thigh, buttock, breast or clothing covering those areas.

The certified record (Exhibits 1 to 6) further reveals that the trial judge failed to explain to Plaintiff that a consequence of his decision to accept the government's offer to plead guilty would-be mandatory lifetime sex-offender registration. In fact, the record reveals that at no time during the 2001 criminal proceedings were the words "touch" or "Sex Offender Registration Act" spoken by anyone involved with the case.

The record of the 2001 conviction also reveals that assigned appellate counsel failed to raise these record-supported issues arising from ineffective trial counsel whose prejudicial performance caused an involuntary guilty plea.  Thus, appellate counsel forfeited Plaintiff's Fourteenth Amendment due process right to vigorously defend himself at new SORA state-criminal proceedings, where the government's *evidence-in-chief* is comprised solely of an undisturbed final order to register that is unfit for use as evidence to the extent that it is not narrow in scope to stand on the effective assistance of trial and appellate counsel.

As an individual objecting to the unconstitutional application of SORA to him, Plaintiff intends to engage in a course of conduct arguably affected with a constitutional interest but proscribed by statute, and there exists a credible threat of prosecution thereunder.  Unless restrained by order of this Court, Defendant or his employees, agents or assistants will imminently seek the arrest of Plaintiff or cause him to be prosecuted under SORA.  Permitting Defendant to carry out his threatened actions will have destructive, harassing, intimidating, and "chilling" effects on federal rights where Plaintiff must adhere to a substantial limitation on his freedom based upon statutory provisions that do not apply to him, and live under the specter of arrest and criminal prosecution should he fail to do so. That is an ongoing harm and is irreparable. This constitutes grounds for an injunction that a dismissal of future criminal charges cannot cure.

Every day that threats are made, irreparable injury is being done to Plaintiff because he is deterred by fear of possible criminal prosecution from fully and vigorously pursuing his rights, and although Plaintiff would like to continue asserting his rights, he is deterred by fear of the possibility of additional penalties being imposed against him from seeking to exercise his constitutional rights fully and vigorously and peacefully.

Plaintiff has no adequate remedy at law.  The deterrence to and the prevention from free exercise of his rights cannot be removed by successful defenses to criminal prosecutions.  No injury will be sustained by the public or Defendant by the issuance of a temporary restraining order.

To the extent that the relief Plaintiff ultimately seeks includes a permanent injunction and a declaration that SORA is unconstitutional generally or as applied by its omission of a predeprivation-of-rights remedy against admission into the record of unconstitutional evidence obtained in violation of the criminal defendant's right to effective assistance of counsel where such evidence is presented to establish the primary element of a new offense, granting a preliminary injunction to temporarily enjoin criminal enforcement of SORA against Plaintiff does not constitute the relief that would be achieved if he prevails at trial.

Based on the foregoing facts, the claim is likely to succeed on the merits; Irreparable harm will result unless Defendant is enjoined from applying SORA to

Plaintiff; The public has an interest in the preservation of the Due Process Clause and the Assistance of Counsel Clause; And, there is no possibility of substantial harm to others especially where the otherwise discharged undisturbed final order which requires Plaintiff to register under SORA is demonstrably tainted by prejudicial ineffective assistance of trial and appellate counsel.

The issue is exhausted and ripe for review in that there is a live case and controversy where there is no legal basis for Defendant to continue to post Plaintiff's personal information on either of the sex-offender registries, yet Defendant declines to discontinue Plaintiff's SORA registration; And thus, Plaintiff remains in eminent danger of repeated false arrests and malicious prosecutions under SORA.

There is no pending state judicial proceeding against Plaintiff or appeal involving criminal charges based on SORA.

## IV. Argument

### A. Standard for granting preliminary injunction

Plaintiff satisfies the standard for obtaining a temporary restraining order and a preliminary injunction because (1) he has a strong likelihood of success on the merits; (2) he will be irreparably harmed if a temporary restraining order and preliminary injunction is not issued; (3) an injunction in favor of Plaintiff will not cause substantial harm to others; and (4) an injunction in favor of Plaintiff serves the

public interest.[1] "These factors are to be balanced against one another and should not be considered prerequisites to the grant of a preliminary injunction."[2]

In the present case, the equities weigh solidly in favor of granting preliminary relief to ensure that Plaintiff is not required to resume coerced adherence to a substantial limitation on his freedom based upon statutory provisions that do not apply to him and live under the specter of arrest and prosecution should he fail to do so. That is an ongoing harm and is irreparable. This constitutes grounds for an injunction that a dismissal of future criminal charges cannot cure.

### 1. Plaintiff has a strong likelihood of success on the merits

#### a) *The Defendant is Violating Plaintiff's Right to Due Process*

Whether an order to register under SORA is rendered invalid by ineffective assistance of trial counsel was answered by the Michigan Court of Appeals in *People v Fonville*[3] as follows:

---

[1] *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)); *Frisch's Restaurant Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985).
[2] *Leary*, 228 F.3d at 737, (citing *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Req'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998)).
[3] *People v Fonville*, 291 Mich. App 363, 395 (2011) Jansen, J. (concurring in part and dissenting in part).

7

"I fully concur with the majority's determination that defendant's attorney rendered ineffective assistance of counsel by failing to inform defendant that his guilty plea would require him to register as a sex offender. The majority correctly concludes that, like the consequence of deportation at issue in *Padilla v Kentucky*, 130 S Ct 1473 (2010), the requirement to register as a sex offender is a serious consequence of which a defense attorney must inform a client who wishes to plead guilty of certain offenses.

Under the Confrontation Clause of the Fifth and Fourteenth Amendments, an individual has the right to rebut the presumption of the validity of the evidence against him.  However, SORA's lack of an exception to the Finality of Judgments Rule denies due process to the extent that Plaintiff is prohibited from rebutting the false presumption that he was notified prior to plea that his decision to accept the government's offer to plead guilty would require him to register as a sex offender. Even more, Plaintiff was prohibited from establishing that assigned appellate counsel provided ineffective assistance by forfeiting Plaintiff's right to challenge the validity of the order to register.

## 2.    Plaintiff will be irreparably harmed if a temporary restraining order and preliminary injunction is not issued

Plaintiff will suffer irreparable harm absent the issuance of the injunction. In addition to the harms noted above, Plaintiff claims current and ongoing harm caused by being wrongly publicly labeled by Defendant as an individual whose private information is lawfully posted on the sex-offender registries.

"[I]f it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated."[4] By proving herein an ongoing injury which entails a violation of his constitutional rights, Plaintiff has shown that he will suffer irreparable injury if an injunction does not issue.

Accordingly, Plaintiff is likely to prevail on his claims.

Plaintiff will suffer irreparable injury if a preliminary injunction is not granted in this case. The facts in Plaintiff's Complaint, together with the decisional law, establish that he will suffer irreparable harm unless a temporary restraining order and a preliminary injunction are issued. Plaintiff has been left with extreme insecurity where Judge Clelland's injunction against enforcement of SORA may end soon.

Properly stated, the definition of irreparable harm is whether there is or will be a "wrong which cannot be adequately redressed by relief on the merits."[5] The state's Eleventh Amendment immunity bars a retroactive award of damages against the Defendant.[6] Thus, Plaintiff has no method for obtaining adequate compensation for Defendant's application to Plaintiff of SORA, which may result in a 15-year prison sentence in the meantime.

---

[4] *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.*, 354 F.3d 438, 445 (6th Cir. 2003), *aff'd sub nom.*, *McCreary Cnty., Ky. v. Am. Civil Liberties Union of Ky.*, 545 U.S. 844 (2005).
[5] *N.Y. Pathological and X-Ray Laboratories, Inc., v. Immigration and Naturalization Service,* 523 F. 2d 79, 81 (2d Cir. 1975).
[6] *See generally, Edelman v. Jordan,* 415 U.S. 651 (1974).

Accordingly, Plaintiff has shown he will suffer irreparable harm unless the Court grants temporary and preliminary relief which requires Defendant to maintain the status quo by abstaining from the application of SORA to Plaintiff until this matter is decided.

### 3. Third parties will not be harmed by the relief sought

When the plaintiff establishes a likelihood of success on the merits in his underlying challenge to a law as unconstitutional, it is at best "questionable" whether the defendant can suffer harm by being restricted from enforcing that law; and it is always in the public interest to prevent enforcement of unconstitutional laws.[7]

Where, as here, the record supports Plaintiff's claim that the undisturbed final order which commands him to register under SORA is unconstitutionally tainted, third parties will not be harmed by the relief sought because there can be no party with a valid interest in securing an undisturbed final order which issued in violation of the Assistance of Counsel Clause and the Due Process Clause for use as evidence to establish the primary element of any new criminal accusation under SORA.

---

[7] *Planned Parenthood Assoc. of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1400 (6th Cir. 1987); *Miller v. City of Cincinnati*, 622 F.3d 524, 540 (6th Cir. 2010).

### 4. Granting temporary and preliminary relief is in the public interest

The Michigan Supreme Court, in *Michigan Coalition of State Employee Unions v Michigan Civil Service Commission,* 485 Mich. 212, 219 (2001), while discussing the public's interest in resolving constitutional violations, advised:

> "It is beyond dispute that a trial court has the authority, and, in appropriate cases, the duty to enter permanent injunctive relief against a constitutional violation. *See, e.g., Sharp v Lansing,* 464 Mich. 792 (2001) (discussing the availability of injunctive relief against a constitutional violation)."

Where, as here, preservation of the fundamental right to substantive due process is at stake, the public's interest is large.[8]

The harm suffered by Plaintiff may not be remedied by any but the most immediate and comprehensive action by this Court.  Each day that he is forced to adhere to a substantial limitation on his freedom based upon statutory provisions that do not apply to him - - and live under the specter of arrest and prosecution should he fail to do so, constitutes an ongoing harm and is irreparable.  Each day that his private information remains posted on the sex offender registries without just cause constitutes an ongoing harm and is irreparable.  Therefore, an order protecting Plaintiff from Defendant's application of SORA is clearly in the public interest.[9]

---

[8] *Morrissey v. Brewer*, 408 U.S. 471, 481 (1982).  *Cf. Arnett v. Kennedy*, 416 U.S. 134 (1974).
[9] See e.g., *Markva v. Haveman*, 168 F. Supp. 2d 695, 720 (ED Mich. 2001).

11

Plaintiff does not seek to disturb the final order; he is simply asking the Court to find that such an order may remain undisturbed while also being inadmissible at new criminal proceedings as evidence to establish the primary element of a new offense.  Thus, the public interest is served by addressing Plaintiff's claims without delay.[10]

## Conclusion

For the foregoing reasons, the prerequisites to issuance of a preliminary injunction are met in this case and the preliminary injunctive relief specifically set forth hereinabove should be granted.

Respectfully,

William Sim Spencer
Plaintiff, in propria persona
18772 Maple Street, # 113
Copemish, MI 49675
(231) 620-8780
williamsimspencer@gmail.com

Dated: 7/23/2021

_____

[10] See *Caspar v. Snyder*, 77 F.Supp.3d 616, 644 (E.D. Mich. 2015) ("the public interest is always served by robust protection of constitutional guarantees").