UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,

                Plaintiff,                              Hon. Janet T. Neff

v.                                               Case No. 1:21-cv-653

JOSEPH GASPER, in his official capacity
As Director of the Michigan State Police,

                Defendant.

_____/

### REPORT AND RECOMMENDATION

Plaintiff William Spencer, a convicted sex offender subject to Michigan's Sex Offender Registration Act, *see* Mich. Comp. Laws § 28.721 *et seq.* (SORA), filed a pro se civil rights complaint against Defendant Col. Joseph Gasper, Director of the Michigan State Police, in his official capacity seeking declaratory and injunctive relief. Essentially, Spencer seeks a declaration that his prior conviction is invalid, and that SORA is unconstitutional because it fails to provide "a predeprivation-of-rights remdy [sic]" that allows a defendant to contest a prior invalid order to register under SORA in a failure-to-register prosecution. (ECF No. 1 at PageID.5.) This is the latest in a series of federal lawsuits in which Spencer contests the constitutionality of SORA.

This matter is now before the me on Defendants' Motion to Dismiss. (ECF No. 13.) Also before me are Spencer's Motion for Temporary Restraining Order and Motion to Expedite. (ECF Nos. 2 and 3.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **GRANTED,** and the case be **DISMISSED**. I further recommend that Spencer's motions be **DENIED**.

## I. Background

### A.      Prior State-Court Actions

In 2001, Spencer pled guilty to eight counts of Criminal Sexual Conduct, Mich. Comp. Laws § 750.520(c)(1), in the Oakland County Circuit Court and was sentenced to a term of imprisonment.[1] The offenses required SORA registration. In August 2016, after he had been discharged from prison, Spencer filed a civil action in the Benzie County Circuit Court against the Benzie County Prosecuting Attorney and the Director of the State Police (the 2016 civil case), alleging that SORA's reporting requirements, as applied to him, were unconstitutional under *Does #1–5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), ("*Does I*"), which held that the Ex Post Facto Clause prohibited retroactive enforcement of the 2006 and 2011 amendments to SORA. The case was split between the circuit court, as to the prosecutor, and the Michigan Court of Claims, as to the State Police Director. On November 29, 2016, the circuit judge denied Spencer's motion for a temporary restraining order based on *Does I*. Spencer appealed, and on November 14, 2017, the Michigan Court of Appeals reversed, concluding that Spencer was entitled to a TRO to the extent he argued that the prosecutor should be enjoined from charging him for violating the requirements of the 2006 and 2011 SORA amendments. *Spencer v. Benzie Cnty. Prosecuting Attorney*, No. 337827, 2017 WL 5493183 (Mich. Ct. App. Nov. 14, 2017). Following that appeal, the Court of Claims granted the Director's motion for summary disposition on the ground that Spencer's claim was moot in light of the appeal in Case No. 337827, and the Michigan Court Appeals affirmed. *Spencer*

---

[1] The facts set forth herein are taken from Spencer's complaint in this action, Magistrate Judge Kent's August 31, 2020 Report and Recommendation in *Spencer v. Gasper*, No. 1:19-cv-201—which contains a detailed recitation of the state-court cases—*see* 2020 WL 5665238 (W.D. Mich. Aug. 31, 2020), *report and recommendation adopted*, 2020 WL 5757383 (W.D. Mich. Sept. 28, 2020), and unpublished opinions from the Michigan Court of Appeals in the various state-court actions.

2

*v. Director of the Dep't of State Police*, Nos. 341769, 341777, 2018 WL 4927108 (Mich. Ct. App. Oct. 9, 2018).

In December 2016, while the 2016 civil case was pending, Spencer was charged in a criminal case in Benzie County for failing to verify his address pursuant to SORA. Spencer contested the charge at the preliminary examination, but was bound over for trial. After Spencer moved to quash the bindover on the ground that the registration scheme he allegedly violated was created by the 2011 SORA amendments and was thus inapplicable under *Does I*, the circuit court remanded the matter to the district court for clarification because that court had stated that Spencer was bound by the 1999 version of SORA, but then bound him over based on a requirement that was not in that version. The district court held its second preliminary examination on November 16, 2017, two days after the Michigan Court of Appeals reversed the circuit court's denial of a TRO in the 2016 civil case, and again bound Spencer over because it found he failed to verify his address between October 1 and October 15, as required by the 1999 version of SORA. Subsequently, the circuit court granted Spencer's motion to quash the new bindover because the provision the district court cited existed only in the current version of SORA rather than in the 1999 version. Spencer and the prosecution both moved for reconsideration, with Spencer arguing that the court should have granted him additional relief by discontinuing his SORA registration. The court denied both motions.

Spencer and the prosecutor both appealed the circuit court's order. In his appeal, Spencer asserted that the trial court erred in denying his request to discontinue his SORA registration. On January 22, 2019, the Michigan Court of Appeals issued an unpublished opinion affirming the circuit court's order to quash the bindover without granting Spencer further relief. *People v.*

3

*Spencer*, Nos. 343367, 343468, 2019 WL 286954 (Mich. Ct. App. Jan. 22, 2019). As to Spencer's

appeal, the court stated:

> [D]efendant argues that the circuit court should have held that he need not verify
> his address under SORA because the court in his initial criminal case failed to
> comply with SORA's mandatory presentencing procedures. We conclude that the
> circuit court did not err by declining to consider defendant's improper collateral
> attack on his CSC-II judgment of sentence.
>
>         . . . .
>
> In this case, defendant had the opportunity to challenge on direct appeal his CSC-
> II judgment's requirement that he comply with SORA. This Court denied
> defendant's application for leave to appeal. *People v. Spencer*, unpublished order
> of the Court of Appeals, entered September 21, 2012 (Docket No. 308103).
> Because this case is not on direct appeal, the circuit court properly declined to allow
> defendant to collaterally attack his prior judgment of sentence.

*Id.* at *3. The Michigan Supreme Court denied leave to appeal. *People v. Spencer*, 504 Mich. 894

(2019).

The 2016 civil action having concluded in both courts, Spencer filed a new civil lawsuit in

October 2019 against the Benzie County Prosecuting Attorney and the State Police Director, which

was again split between the circuit court as to the prosecutor and the Court of Claims as to the

State Police Director. Spencer alleged constitutional challenges to Mich. Comp. Laws. § 769.12

(enhanced punishment for three or more felonies) and to SORA. In particular, he maintained that

both statutes were unconstitutional because they permitted the prosecution to use a prior conviction

without affording the defendant an opportunity to challenge the prior conviction. In addition,

Spencer raised challenges to his 2001 convictions. The Court of Claims granted the State Police

Director's motion for summary disposition, and Spencer appealed. On November 19, 2020, the

Michigan Court of Appeals affirmed. *Spencer v. State Police Director*, No. 352539, 2020 WL

6814649 (Mich. Ct. App. Nov. 19, 2020). Regarding Spencer's argument that he should be able to

rebut the prosecution's evidence in a prosecution for violating SORA, the court noted that Spencer

would not be precluded from rebutting the prosecution's evidence, but could not collaterally attack his 2001 convictions. The court reasoned that Spencer's "arguments—to the effect that he should be able to revisit his conviction—are entirely arguments that could only have been made on direct appeal, not on collateral review." *Id.* at *10. The court agreed that a defendant is entitled to put the prosecution to its proofs in a SORA prosecution, but said that "SORA is not unconstitutional for failing to provide [Spencer] with an unlimited number of collateral 'bites at the apple.'" *Id.*

### B.    Prior Federal Actions

Spencer has previously filed three pro se federal actions in this Court in connection with the 2016 criminal prosecution. First, in *Spencer v. Snyder, et al.*, No. 1:16-cv-1465, Spencer alleged that the 2016 criminal prosecution violated his constitutional rights and requested an injunction as to enforcement of the 2006 and 2011 SORA amendments. The court granted the defendants' motions to dismiss on the grounds that Spencer's arrest raised no ex post facto concerns, and Spencer otherwise failed to allege any wrongdoing by any of the named defendants. 2017 WL 2472599 (W.D. Mich. June 8, 2017).

Next, in *Spencer v. Schuette, et al.*, No. 1:18-cv-229, Spencer sued a number of defendants in connection with the 2016 civil case and sought several forms of relief, including an injunction directing the defendants to discontinue his SORA registration. ECF No. 154 at PageID.2771. On September 15, 2020, Magistrate Judge Kent, to whom the parties had consented for entry of a final judgment, granted the defendants' motions for summary judgment. With regard to Spencer's requests for declaratory and injunctive relief regarding the constitutionality of SORA, Magistrate Judge Kent dismissed those claims because they were part of a class action pending in the Eastern District of Michigan, captioned *John Does #1–6 v. Snyder, et al.*, No. 2:16-cv13137 (E.D. Mich.) ("*Does II*"). *Id.* at PageID.2782–85. The Sixth Circuit affirmed the judgment on July 20, 2021. ECF No. 164.

Finally, on March 18, 2019, Spencer sued Defendant Gasper in his official capacity in an action captioned *Spencer v. Gasper*, No. 1:19-cv-201 (*Spencer III*). In *Spencer III*, Spencer sought a declaratory judgment that SORA was unconstitutional on various grounds and that it was unconstitutional as applied to him because it assessed new penalties for failing to register as a sex offender without affording him an opportunity to challenge the court order requiring him to register under SORA. In addition, Spencer alleged that his 2001 guilty plea was invalid for a number of reasons, including ineffective assistance of his trial and appellate counsel. On August 31, 2020, Magistrate Judge Kent issued a report and recommendation that defendant Gasper's motion to dismiss be granted on the basis that Spencer was a member of the classes certified in *Does II* that sought the same relief. *See Spencer v. Gasper*, No. 1:19-cv-201, 2020 WL 5665238, at *8–10 (W.D. Mich. Aug. 31, 2020), *report and recommendation adopted*, 2020 WL 5757383 (W.D. Mich. Sept. 28, 2020.) The Sixth Circuit affirmed the judgment on June 16, 2021. *Spencer v. Gasper*, No. 20-2069, 2021 WL 5346665 (6th Cir. June 16, 2021).

### C.     Present Action

In his present action, Spencer alleges that his 2001 guilty plea, which formed the basis for the order to register under SORA, was invalid because, among other things: (1) the prosecution provided "no specific factual accusation or evidence to connect the requisite elements of MCL § 750.520c (the offense charged) to either the CSC-2 statute or any alleged act by [Spencer];" (2) the record in the criminal case "shows that neither Plaintiff, the prosecution, defense counsel, or even the judge, knew that sufficient constitutional notice to Plaintiff of a felony charge under MCL § 750.520c required an allegation of a 'touching' of the victim's or actor's genital area, groin, inner thigh, buttock, breast or clothing covering those areas;" and (3) "the trial judge failed to explain to [Spencer] that a consequence of his decision to accept the government's offer to plead guilty would-be mandatory lifetime sex-offender registration." (ECF No. 1 at PageID.4.) Spencer further

6

alleges that his attorney was ineffective in failing to advise him that his guilty plea would require that he register as a sex offender. (*Id.*) Spencer further alleges that, in 2016, he was arrested and prosecuted for violating SORA, without being afforded an opportunity to challenge the 2001 order requiring him to register as a sex offender. (*Id.* at PageID.5.) For relief, Spencer requests that the Court: (1) declare that SORA is unconstitutional on the ground that it fails to provide the defendant an opportunity to challenge a prior conviction and/or order to register; (2) declare that the 2001 order directing Spencer to register under SORA is inadmissible as evidence in future criminal proceedings because his plea was invalid for a number of reasons; and (3) enjoin Defendant Gasper from displaying Spencer's personal information on any SORA electronic database. (*Id.*)

## II. Motion Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating its assertions in a light most favorable to Plaintiff to determine whether it states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2010).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it

"stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79.

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any attached exhibits, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided they are referenced in the complaint and central to the claims therein. *See Bassett v. Nat'l Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008).

## III. Discussion

### A.    Defendant's Motion

Defendant Gasper contends that the complaint is subject to dismissal on numerous grounds, but there is no need to address them all. Gasper contends that Spencer's action is subject to dismissal because Spencer is part of both classes in the *Does II* class action, in which a final judgment has now been entered. (ECF No. 13-8.) Spencer's allegations here essentially mirror those in *Spencer III*, which were dismissed on the basis of his membership in the ex post facto subclass in *Does II*, and the fact that the relief he sought had already been granted in *Does II*. 2020 WL 5757383, at *2. The same result should obtain here. In affirming the judgment in *Spencer III*, the Sixth Circuit noted:

> [Spencer] alleged that SORA violated the Sixth and Fourteenth Amendments, both on its face and as applied, because it did not permit defendants to argue that a conviction requiring registration was tainted by the ineffective assistance of trial or appellate counsel. Spencer, who pleaded guilty in 2001 to offenses that required SORA registration, specifically alleged that the attorney who represented him in his original criminal proceeding did not inform him that his guilty pleas would require him to register under SORA or that he would be unable to argue in defense of a failure-to-register charge that his original criminal proceedings were tainted by the ineffective assistance of counsel.

2021 WL 5346665, at *1. The court held that the district court properly dismissed Spencer's claims in favor of the *Does II* litigation because "[t]he claims that Spencer raises and the relief that he seeks largely overlap with those of the class plaintiffs." *Id.* at *2. More specifically, the court observed that the class plaintiffs had argued that SORA's strict liability violated due process, while Spencer argued that he should not be required to register under SORA because he did not know (due to counsel's ineffectiveness) at the time he pled guilty that he would be required to register under SORA. *Id.* Again, Spencer's claims in this action do not differ materially from those in *Spencer III*. Therefore, this action should be dismissed for same reasons for the dismissal in *Spencer III*.

Apart from the foregoing basis for dismissal, a Section 1983 action is not a proper basis to collaterally attack a state conviction. *Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir. 2001) ("A state prisoner does not have a cognizable claim under § 1983 if a ruling on his claim would necessarily render his sentence or conviction invalid.") (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Instead, to the extent that Spencer seeks to challenge the validity of the conviction that gave rise to the registration requirement as being a result of ineffective assistance of counsel or an involuntary or unknowing guilty plea, his remedy lies in some manner of habeas relief or collateral attack on the prior conviction. *See Spencer*, 2021 WL 5346665, at *2.

B.    **Spencer's Motions**

As noted, Spencer has filed a motion for a temporary restraining order and a motion to expedite consideration of his motion for temporary restraining order. In light of the foregoing recommendation to grant Gasper's motion to dismiss, I recommend that the Court deny Spencer's motions for a temporary restraining order and expedited consideration as moot. *See Miller v. Hurst*, No. 3:17-0791, 2020 WL 3871143, at *10 (M.D. Tenn. July 9, 2020), *report and recommendation adopted*, 2020 WL 5757907 (M.D. Tenn. Sept. 28, 2020) ("[T]he Court's conclusion that each of

9

the claims in the Complaint is subject to dismissal renders Plaintiff's request for a preliminary injunction moot.").

## IV. Conclusion

For the foregoing reasons, I recommend that Defendant Gasper's motion to dismiss (ECF No. 13) be **granted** and that this case be **dismissed**. I further recommend that Spencer's motions for temporary restraining order and to expedite (ECF Nos. 2 and 3) be **denied as moot**.

Dated: January 12, 2022                             /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).