UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,

    Plaintiff,

v.

                                              Case No. 1:21-cv-653

                                              HON. JANET T. NEFF

JOSEPH GASPER,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff William Spencer initiated this pro se civil rights action against the Director of the Michigan State Police, Joseph Gasper, in his official capacity, seeking declaratory and injunctive relief. Defendant subsequently filed a motion to dismiss (ECF No. 13). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that Defendant's motion be granted, and Plaintiff's pending motions be denied as moot (ECF No. 21). Before the Court are Plaintiff's objections to the Report and Recommendation (ECF No. 22)[1], Plaintiff's motion for leave to file an amended complaint (ECF No. 23), and Plaintiff's motion to amend his motion for a temporary restraining order (ECF No. 25). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the reasons stated below, the Court adopts the R & R and denies Plaintiff's motions and objections.

---

[1] The Magistrate Judge issued the R & R on January 12, 2022. The Court received Plaintiff's objections on February 22, 2022. Although Plaintiff filed his objections outside the 14-day period to object, he alleges that he did not receive the R & R until February 9, 2022 (ECF No. 22-1). Therefore, the Court will consider Plaintiff's objections as timely.

The Magistrate Judge recommends granting Defendant's motion to dismiss because (1) Plaintiff was a member of the class in *John Does #1-6 v. Snyder, et al.*, No. 2:16-cv-13137 (E.D. Mich.) ("*Does II*"), and (2) this action is not a proper basis to collaterally attack his state conviction.  In his twenty-six pages of rambling objections, Plaintiff attempts to explain why the Magistrate Judge's reasoning is incorrect.  He argues: (1) "Plaintiff's fundamental right to be informed of the nature and cause of the accusation protected by the Sixth Amendment was denied as a means to usurp the statutory authority to render an order to register," (2) "Plaintiff's fundamental right to the effective assistance of counsel protected by the Sixth Amendment was denied as a means to usurp the statutory authority to render an order to register under SORA [the Sex Offender Registration Act]," (3) "Plaintiff's right to suppression of unconstitutionally obtained evidence outranks the government's right to finality of judgments," (4) "the order to register is inadmissible in state Court under MRE 404(b) because it is irrelevant, immaterial, prejudicial, and incapable of being enforced," and (5) "the SORA is unconstitutionally vague" (ECF No. 22).

Having reviewed Plaintiff's objections and the Report and Recommendation, the Court finds no error in the Magistrate Judge's analysis.  This lawsuit is essentially an attempt to collaterally attack Plaintiff's 2001 conviction.   Plaintiff does not want to register as required by Michigan's Sex Offender Registration Act, *see* Mich. Comp. Laws § 28.721 *et seq*.  He has filed several lawsuits in both state and federal court on this same subject matter (*see* ECF No. 21 at PageID.314-318).  In this lawsuit, Plaintiff contends that he received ineffective assistance of counsel when he pled guilty in 2001 because his trial attorney did not inform him that he would have to comply with SORA.  Plaintiff's 2001 conviction has never been overturned and the conviction still requires him to comply with SORA.  Plaintiff asks this Court to declare SORA

unconstitutional "generally or as applied," declare that the order to register is inadmissible evidence in future criminal proceedings, and permanently enjoin Defendant from displaying his personal information on any electronic database (ECF No. 1 at PageID.5). Although Plaintiff says that he seeks only prospective relief as to the effect, he is really seeking retrospective relief to invalidate his prior conviction.

In *Spencer v. State Police Director*, No. 19-180, 2020 WL 6814649 (Mich. Ct. Cl. Nov. 19, 2020) (unpublished), the Michigan Court of Claims considered and rejected a nearly identical argument from Plaintiff:

> Plaintiff has repeatedly asserted that he is not trying to collaterally attack his 2001 convictions. However, the effective gravamen of his argument is that he should be able to show that he should not have been convicted in 2001 or that he was actually innocent of the charges in 2001. That is exactly the definition of a collateral attack: "[a]n impermissible collateral attack occurs whenever challenge is made to judgment in any manner other than through a direct appeal." *People v. Iannucci*, 314 Mich. App. 542, 544-545; 887 N.W.2d 817 (2016). Thus, plaintiff's argument is *really* that he should have a right to collaterally attack his plea-based convictions. We agree in part. However, collateral attacks are only permitted under narrow circumstances, none of which are present in this matter.

*Id.* at *9.

Regardless of how Plaintiff phrases his legal claims in this case, the remedy that he seeks is to have this Court invalidate his 2001 conviction and/or "necessarily imply that the . . . conviction was wrongful." *Heck v. Humphry*, 512 U.S. 477, 487 n.6 (1994); *Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir. 2001). This requested relief is barred by *Heck*. Furthermore, "[t]he SORA is not unconstitutional for failing to provide plaintiff with an unlimited number of collateral 'bites at the apple.'" *Spencer*, 2020 WL 6814649, at *9. In sum, Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Plaintiff has also filed a motion for leave to file an amended complaint. Rule 15 of the Federal Rules of Civil Procedure mandates that the Court "freely give leave" to amend when it is

3

in the interests of justice. FED. R. CIV. P. 15(a)(2). However, courts may deny a request to amend if there has been undue delay in filing, if the amendment would cause undue prejudice to the opposing party, or if the amendment would be futile. *Brumbalough v. Camelot Care Centers*, 427 F.3d 996, 1001 (6th Cir. 2005).

Plaintiff's proposed amended complaint does not alter Plaintiff's claims in any material way. He simply seeks to "amend his complaint where it has come to light that the Court's jurisdiction to render a declaratory judgment in this matter has not been invoked under 28 U.S.C. § 1331, 1343a(3), 2201 & 2202" (ECF No. 23). The proposed amended complaint does not change the fact that Plaintiff continues his attempt to collaterally attack his state conviction. Thus, the Magistrate Judge's analysis remains the same, and the Court denies Plaintiff's motion to amend because it is futile.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 22) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 21) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 13) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's motions (ECF Nos. 2, 3, 23 and 25) are DENIED.

Dated:  March 25, 2022               /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge